IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

HERWINS NOE                                                                                    PLAINTIFF

V.                                                                           NO. 4:15-CV-00066-DMB-DAS

MARSHALL L. FISHER, et al.                                                              DEFENDANTS

**ORDER OF DISMISSAL**

This matter is before the Court, sua sponte, for consideration of dismissal. Plaintiff Herwins Noe, a Mississippi inmate housed at the Mississippi State Penitentiary, has filed a civil rights action pursuant to 42 U.S.C. § 1983 against Mississippi Department of Corrections ("MDOC") Commissioner Marshall L. Fisher and Superintendent Earnest Lee. Having fully considered Noe's allegations and the applicable law, the Court finds that the instant complaint should be dismissed.

**I
Screening Standards**

Because Noe has been permitted to proceed in forma pauperis in this action, his complaint is subject to sua sponte dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of in forma pauperis status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on

an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) (internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations in the complaint." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

# II
## Discussion

Noe, a Mississippi inmate serving a life sentence for murder, filed the instant action alleging that Defendants, who are administrators over the policies and procedures of MDOC, failed to develop a case plan for him, in violation of the Mississippi statutes governing parole.[1] Doc. #1 at ¶ 9. Noe maintains that Mississippi has created a liberty interest in parole, and that Defendants' failure to develop a case plan for him violates his rights to due process and equal protection. *Id*. He also alleges that Defendants' actions run afoul of the standard operating procedures of the Mississippi Department of Corrections. *Id*. Accepting Noe's allegations as true, the Court nonetheless determines that the instant complaint must be dismissed, as it is frivolous and fails to state a claim under § 1983.

In order to state a claim under § 1983, a plaintiff must allege that he was deprived of a right under the Constitution or the laws of the United States by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a prisoner has a liberty interest

---

[1] *See* Miss. Code Ann. § 47-7-3.1 (requiring case plan for parole eligible inmates) and § 47-7-18 (governing parole hearing proceedings).

in parole is defined by state statute. *Bd. of Pardons v. Allen*, 482 U.S. 369, 371 (1987). Parole is discretionary under Mississippi state law, and thus, prisoners in the state have no liberty interest in parole. *Wansley v. Miss. Dep't of Corrs.*, 769 F.3d 309, 312 (5th Cir. 2014); *Scales v. Miss. State Parole Bd.*, 831 F.2d 565, 566 (5th Cir. 1987). Therefore, Noe may not assert a claim based on a failure to obtain parole.[2] *Scales*, 831 F.2d at 566.

Similarly, MDOC's failure to follow its standard operating procedures does not violate Noe's due process rights. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) ("a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process"); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) ("a violation of [prison] regulation … would not automatically entitle a prisoner to § 1983 relief"). Therefore, Noe cannot sustain a due process challenge against Defendants, as he has failed to allege a violation of a federally protected right. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (where there is no liberty interest, a state prisoner cannot challenge procedures under the Due Process Clause).

### III
### Conclusion

For the reasons above, Noe's allegations fail to assert a cognizable violation of federal law. This action therefore is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Noe is cautioned that once he

---

[2] It makes no difference if the Court construes Noe's arguments to assert only that he is entitled to a case plan or hearing and not parole itself, because a substantive liberty interest is not at stake during the process, i.e., the case plan or hearing. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."); *id*. at n.12 ("Other courts agree that an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause."); *see also Wansley*, 769 F.3d 309 at 312–13 ("Accordingly, when a prisoner has no liberty interest in obtaining parole … he cannot complain of the constitutionality of the procedural devices attendant to parole decisions.").

accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while incarcerated unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this 7th day of March, 2016.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**